IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Stewart Russell Buchanan, | ) | C/A No.: 1:14-1846-DCN-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| Sandra S. Bowie and David M. Tatarsky, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Stewart Russell Buchanan ("Plaintiff"), proceeding pro se, originally filed this

matter in the Court of Common Pleas for Richland County, South Carolina.  [Entry #1-1].

Sandra S. Bowie and David M. Tatarsky ("Defendants") removed the action to this court

on May 8, 2014. [Entry #1].  This matter comes before the court on Plaintiff's motion to

remand the case to state court [Entry #12].

Pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(d), this case has

been referred to the undersigned for all pretrial proceedings.  For the reasons that follow,

it is recommended that the court grant the motion to remand to the Court of Common

Pleas for Richland County, South Carolina.

I.      Factual and Procedural Background

Plaintiff's complaint alleges that Defendants and their agents confiscated more

than $3000 in personal property belonging to Plaintiff without any due process. [Entry

#1-1 at 4]. Plaintiff alleges the property is being held at Lee Correctional Institution

pending an inmate grievance review and determination. *Id.* at 7. Plaintiff alleges these

actions violated his state-created liberty and property interests, as well as his due process

rights under the Fourteenth Amendment of the United States Constitution.

Plaintiff previously filed a complaint in this court that included allegations of the

same property deprivation. *See Buchanan v. Byers*, C/A No.: 1:13-2489-DCN-SVH

("*Buchanan I*"). In *Buchanan I*, the undersigned recommended summary dismissal of

Plaintiff's property deprivation claim, finding as follows:

> The court should dismiss Plaintiff's claim relating to the deprivation of his
> [property]. The Due Process Clause of the Fourteenth Amendment provides
> that no State shall deprive any person of life, liberty, or property, without
> due process of law." U.S. Const. amend. XIV, § 1. However, the Due
> Process Clause is not implicated by a negligent act of a governmental
> official causing unintended loss of or injury to life, liberty, or property.
> *Daniels v. Williams*, 474 U.S. 327 (1986); *Pink v. Lester,* 52 F.3d 73, 75
> (4th Cir. 1995). Moreover, an intentional deprivation of property by a
> governmental employee does not violate the Due Process Clause if a
> meaningful post-deprivation remedy for loss is available. *Hudson v.
> Palmer*, 468 U.S. 517, 533 (1984); *see also Mora v. City of Gaithersburg,
> MD*, 519 F.3d 216, 230–31 (4th Cir. 2008) (concerning the intentional
> taking of guns and ammunition); *Bogart v. Chapell*, 396 F.3d 548, 561–63
> (4th Cir. 2005) (finding that intentional destruction of a plaintiff's animals
> did not violate the due process clause because South Carolina afforded a
> meaningful post-deprivation remedy for such loss).
>
> In South Carolina, prisoners may file actions for recovery of personal
> property against officials who deprive them of property without state
> authorization. *See McIntyre v. Portee*, 784 F.2d 566, 567 (4th Cir. 1986)
> (citing S.C. Code Ann. § 15-69-10). Such an action provides "a post-
> deprivation remedy sufficient to satisfy due process requirements." *Id.*
> (citing *Parratt v. Taylor*, 451 U.S. 527 (1981)). As Plaintiff has an adequate
> state remedy to address the alleged deprivation of property, his due process
> claim related to the confiscation of his [property] is subject to summary
> dismissal.

[*Buchanan I*, Entry #9]. The Honorable David C. Norton, United States District Judge, affirmed the recommendation and dismissed Plaintiff's case on November 13, 2013. *Id.* at Entry #16.

In the instant case, Plaintiff seeks remand to pursue his state court remedies. [Entry #12]. Defendants consent to the remand in light of Plaintiff's filings indicating that he did not intend to assert any federal claims. [Entry #13].

II.    Discussion

A.    Authority to Remand

This case has been referred to the undersigned pursuant to 28 U.S.C. § 636 and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).  There is a split of authority as to whether a magistrate judge has the authority to remand a matter to state court.  At least one court in this district has addressed the issue in a published opinion and held that a magistrate judge did not have such authority.  *See Long v. Lockheed Missiles & Space Co., Inc.*, 783 F. Supp. 249, 250 (D.S.C. 1992).  Many federal circuit courts, addressing this matter in published opinions, have reached a similar result, holding that an order to remand is dispositive.  *See Williams v. Beemiller, Inc.*, 527 F.3d 259, 264–66 (2d Cir. 2008); *Vogel v. U.S. Office Prods. Co.*, 258 F.3d 509, 514–17 (6th Cir. 2001); *In re U.S. Healthcare*, 159 F.3d 142, 145–46 (3d Cir. 1998).  In light of the unsettled state of the law within this district as to whether remands are considered dispositive, a report and recommendation has been prepared in this case.  *See Jonas v. Unisun Ins. Co.*, No. 00-1217, 2000 WL 1350648, at *1 (4th Cir. Sept. 20, 2000) (noting that the Fourth Circuit "has not addressed whether a magistrate judge may issue an order of remand").

3

B.    Analysis

Although Defendants' removal of this matter was not improper, the undersigned recommends Plaintiff's motion to remand be granted. Plaintiff's motion to remand indicates that he did not intend to assert a federal cause of action, as this court has already ruled that Defendants' alleged intentional deprivation of Plaintiff's property does not implicate the Fourteenth Amendment of the U.S. Constitution, because Plaintiff has a meaningful post-deprivation remedy under state law. Therefore, the undersigned recommends that the court grant Plaintiff's motion to remand.

III.    Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends the district judge grant Plaintiff's motion to remand. [Entry #12].

IT IS SO RECOMMENDED.

*Shiva V. Hodges*

August 18, 2014                                         Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached
"Notice of Right to File Objections to Report and Recommendation."**

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).